Christopher R. Reeves-Wyoming Bar No. 7-5386
Waltz|Reeves
1660 Lincoln Street, Suite 2510
Denver, CO 80264
Telephone: (303) 830-8800
Facsimile: (303) 830-8850
creeves@waltzreeves.com
*Attorneys for Defendants*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 FEB 13 PM 1:05

MARGARET BOTKINS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Timothy Schlesner, Tracy Schlesner, and Dakota Schlesner, | ) ) ) |
| Plaintiffs, | ) Civil Action No. ) ) 20-CV-22-F ) |
| vs. | ) ) |
| Sean Edward Monahan and Rocky Mountain Transport, LLC | ) Carbon County Civil Case ) No. 192-487 ) |
| Defendants. | ) ) |

**DEFENDANTS' NOTICE OF REMOVAL**

TO:   HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYMONG

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, Sean Edward Monahan and Rocky Mountain Transport, LLC ("Defendants") file this Notice of Removal of the above-styled case from the District Court for the First Judicial District, Laramie County, Wyoming, to the United States District Court for the District of Wyoming, based on the following grounds:

1

## I. INTRODUCTION

1. Plaintiffs filed their original Complaint on December 5, 2019.

## II. THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

2. Pursuant to 28 U.S.C. § 1441(b), a defendant may remove a case from state court to federal court based on diversity jurisdiction, and pursuant to § 1332(a)(1), a federal district court may exercise diversity jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. This action has been removed to Federal Court based on the following jurisdictional basis: diversity of citizenship pursuant to 28 U.S.C. § 1332.

### A. Complete Diversity Exists

4. There is complete diversity of citizenship between Plaintiffs and Defendants.

5. Plaintiffs are citizens of the State of Wisconsin. *Exhibit A, Complaint* ¶ 1.

6. Pursuant to 28 U.S.C. § 1332, a corporation is deemed to be a citizen of every state in which it has been incorporated, and of the state where it has its principal place of business.

8. At the time this action was commenced, Defendant Rocky Mountain Transport, was not, nor currently are, citizens of Wyoming.

9. At the time this action was commenced, Defendant Rocky Mountain Transport were, and currently are, citizens of the State of Utah and were not, nor are, citizens of Wyoming. The citizenship of the Rocky Mountain Transport is as follows:

    a) Rocky Mountain Transport is incorporated in Utah and maintains its principal place of business in Utah. Rocky Mountain Transport is, therefore, a citizen of Utah.

    b) Rocky Mountain Transport, LLC's members were and are domiciled citizens of the State of Utah. *Exhibit B, Affidavit.*

2

c) At the time the alleged incident on August 15, 2018 to the present, no member of Rocky Mountain Transport, LLC was domiciled in nor were they citizens of the State of Wyoming.

10. At the time this action was commenced, Defendant Sean Edward Monahan was, and currently is, a citizen of the State of Idaho.

11. Thus, the controversy herein between Plaintiffs and Defendants is a controversy between citizens of different states.

### III. SERVICE OF COMPLAINT

12. Defendant Rocky Mountain Transport, LLC was served on January 15, 2020.

13. This Notice of Removal is being filed within thirty (30) days of service and is timely pursuant to 28 U.S.C. § 1446(b).

### IV. VENUE OF REMOVED ACTION

14. Defendants may remove this action to this Court pursuant to 28 U.S.C. § 1441(a) because this case was initially brought in a state court within the geographical area of the United States District Court for the District of Wyoming, and because this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). The lawsuit is comprised entirely of a civil nature, is an action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interests and costs.

### V. CONSENT, NOTICE TO OTHER PARTIES, AND NOTICE TO STATE COURT

15. Defendant Rocky Mountain Transport, LLC is represented by the undersigned and consents to removal.

16. Defendant Sean Edward Monahan is also represented by the undersigned and consents to removal.

17. Pursuant to § 1446(d) and Local Rule 81.1, written notice of the filing of the Notice of Removal is being contemporaneously filed with the First Judicial District, County of Laramie, State of Wyoming and is being served on Plaintiffs.

18. No hearings are currently set in the state court proceeding, and no trial date has been set.

19. Defendants attach hereto a full copy of the docket and docket sheet from the State Court. *Ex. C, Full Docket.*

## VI. PLEADINGS IN THE STATE COURT ACTION

20. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and papers or exhibits filed in the First Judicial District, County of Laramie, State of Wyoming are provided with this Notice of Removal.

21. Defendants have not filed Answers to Plaintiffs' Complaint.

22. No other Defendant has filed any responsive pleadings in the state court action, and no other pleadings have been filed.

## VII. AMOUNT IN CONTROVERSY

23. Under the jurisdictional provisions of 28 U.S.C. § 1332, this case is one which may be removed to this Court by a defendant, pursuant to 28 U.S.C. § 1441, in that it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as appears by copy of Plaintiffs' Complaint.

24. Plaintiffs allege that as a result of Defendants' negligent activities, Plaintiffs incurred past, damages and will incur past and future medical expenses; past and future lost wages; lost earning capacity; loss of consortium; past pain, suffering, and emotional distress; past loss of enjoyment of life; future probable pain, suffering, and emotional distress; future loss of enjoyment

of life; and permanent disability. In addition, Plaintiffs have requested special damages, general damages, and costs incurred, *Exhibit A*, ¶ 31, and Request for Relief. Furthermore, based on the claimed severity of the injury and alleged damages, this matter in controversy appears to exceed the sum of $75,000.00, exclusive of interest.

25. By this Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action, and Defendants intend no admission of fact, law or liability by this Notice and expressly reserve all defenses, motions and/or pleas.

WHEREFORE, Defendants pray that this case proceed in the United States District Court for the District of Wyoming as an action properly removed thereto.

Respectfully submitted this 11th day of February 2020.

s/Christopher R. Reeves
Richard A. Waltz, Esq.
Christopher R. Reeves, Esq.
Waltz|Reeves
1660 Lincoln Street, Suite 2510
Denver, CO 80264
Telephone: 303-830-8800
Facsimile: 303-830-8850
dwaltz@waltzreeves.com
creeves@waltzreeves.com

## CERTIFICATE OF SERVICE

I hereby certify that a true correct copy of this Notice of Removal has been served on this 11th day of February, 2020 by service by U.S. Mail and with the Clerk of the Court using the Federal Express:

Douglas W. Bailey, Esq.
Henry F. Bailey, Jr.
BAILEY|STOCK|HARMON|COTTAM|LOPEZ, LLP
221 East 21st Street
P.O. Box 1557
Cheyenne, WY 82003
doug@performance-Law.com
*Attorneys for Plaintiff*

s/Christopher R. Reeves
Waltz|Reeves

Douglas W. Bailey #7-5102
Henry F. Bailey, Jr. #5-1681
BAILEY|STOCK|HARMON|COTTAM|LOPEZ LLP
221 East 21st Street
P.O. Box 1557
Cheyenne, WY 82003
307-638-7745
Doug@Performance-Law.com

## IN THE DISTRICT COURT, FIRST JUDICIAL DISTRICT

## LARAMIE COUNTY, WYOMING

| | |
|---|---|
| TIMOTHY SCHLESNER, TRACY SCHLESNER, and DAKOTA SCHLESNER<br><br>Plaintiffs<br><br>v.<br><br>SEAN EDWARD MONAHAN and ROCKY MOUNTAIN TRANSPORT, LLC<br><br>Defendants | Case No. 192-487<br><br>FILED<br>DEC 05 2019<br>DIANE SANCHEZ<br>CLERK OF THE DISTRICT COURT |

## COMPLAINT

For their claims of relief against Defendants, Plaintiffs, Timothy Schlesner, Tracy Schlesner, and Dakota Schlesner, allege the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs, Tim, Tracy, and Dakota Schlesner reside in Ixonia, Jefferson County,

1

DEFENDANTS' EXHIBIT A

Wisconsin.

2. Defendant Sean Edward Monahan is believed to reside in Nampa, Canyon County, Idaho.

3. Defendant Sean Edward Monahan was an employee of Defendant Rocky Mountain Transport, LLC acting within the course and scope of his duties at the time of the events giving rise to the allegations in this Complaint.

4. Defendant Rocky Mountain Transport, LLC is a Utah Limited Liability Company that carries on some business in and through Wyoming. Its principal office is in Salt Lake City, Salt Lake County, Utah, with C T Corporation System as its Wyoming registered agent.

5. This Court has personal jurisdiction over Defendants.

6. The amount in controversy is sufficient to invoke the general subject matter jurisdiction of this Court.

7. Because the facts that give rise to this Complaint occurred in Laramie County, venue is proper in this Court.

## FACTS

8. Plaintiffs Tim and Tracy Schlesner are husband and wife.

9. Tim Schlesner is 51 years old.

10. Tracy Schlesner is 47 years old.

11. Plaintiff Dakota Schlesner is an adult daughter of Tim and Tracy Schlesner. She is 21 years old.

12. On August 15, 2018, Tim and Tracy were riding west through Laramie County, Wyoming on I-80 on a motorcycle. Tim was driving the motorcycle and Tracy was a passenger. As Tim and Tracy approached on on-ramp from College Avenue, only one lane of I-80 was open due to construction.

13. All vehicles merging onto I-80 from the College Avenue on-ramp had a YIELD sign at the base of the on-ramp. *See* diagram below:



14. Defendant Monahan was driving a commercial Freightliner tractor/truck with

flatbed for Defendant Rocky Mountain Transport and was at the base of the on-ramp when Tim and Tracy approached it from the East on I-80. Monahan did not yield to Tim and Tracy, who had the right of way. Rather, Monahan came flying onto I-80 from the on ramp without yielding, nearly side-swiping Tim and Tracy and clipping another pickup truck that was travelling behind Tim and Tracy.

15. Monahan's reckless actions caused Tim to swerve into the median in order to avoid being hit by Defendant's tractor/truck/flatbed. The motorcycle tripped and rolled, resulting in severe and permanent injuries to Plaintiffs Tim and Tracy Schlesner.

16. Two eyewitnesses to the crash stated to the investigating officer that they saw Monahan merge into traffic on I-80 without yielding.

17. The investigating officer's Traffic Crash Report indicates that Tim and Tracy were beside the truck when Monahan merged onto I-80.

18. Defendant Monahan's driving was negligent, reckless, and/or careless, and it caused life-threatening and permanent, life-altering injuries to Tim and Tracy Schlesner.

19. Defendant Monahan has a history of traffic violations, including inattentive or careless driving.

20. Defendant Rocky Mountain Transport knew or should have known of Defendant Monahan's history of traffic violations.

**Tim Schlesner's Injuries**

21. Tim Schlesner was nearly killed in the crash caused by Monahan. He was intubated and fed through a tube for weeks while doctors repaired severe lacerations to his face and ear and treated his broken neck, brain hemorrhage/traumatic brain injury, disrupted left vertebral artery, collapsed lung, and broken ribs. Tim also sustained a broken jaw that couldn't be repaired initially because of the instability in his neck. There are a number of other injuries that Tim sustained in the crash as well, including but not limited to, lacerations, contusions, fractures, sprains, strains, tears, lost teeth, etc.

22. Tim continues to suffer from his injuries physically, psychologically, and emotionally.

23. Tim continues to suffer from physical and cognitive deficits as a result of his injuries, including but not limited to, back pain, neck pain, shoulder pain, lower limb pain, memory, brain fog, cognition, and speech.

24. Tim cannot work or provide for his family anymore, or mentor his daughter, Dakota, to take over the family business.

25. Tim cannot enjoy his hobbies or perform certain activities of daily living anymore.

26. Tim's life has been permanently altered as a result of the crash caused by Monahan.

**Tracy Schlesner's Injuries**

27. Tracy Schlesner suffered a concussion/traumatic brain injury and multiple lacerations, abrasions, bruises, and soft tissue damage throughout her body from the crash caused by Monahan.

28. Tracy still has persistent memory problems and pain and stiffness in her neck.

29. Tracy cannot enjoy certain hobbies anymore.

30. Tracy's life, and her relationship with her husband, has been permanently altered as a result of the crash caused by Monahan.

**Damages**

31. Tim, Tracy, and Dakota Schlesner have all sustained economic and non-economic damages as a result of Tim and Tracy's injuries, including but not limited to, past and future medical expenses; past and future lost wages; lost earning capacity; loss of consortium; past pain, suffering, and emotional distress; past loss of enjoyment of life; future probable pain, suffering, and emotional distress; future probable loss of enjoyment of life; and permanent disability.

32. As a result of Plaintiff Tim Schlesner's injuries, he has received, and in the future will continue to receive, medical and hospital care and treatment furnished by the United States of America through the Department of Veterans Affairs. Plaintiff Tim Schlesner, for the sole use and benefit of the United States of America, under the provisions of

42 U.S.C. 2651 and 38 U.S.C. 1729, and with its expressed consent, asserts a claim for the reasonable value of said past and future care and treatment.

## **FIRST CLAIM FOR RELIEF:**
## NEGLIGENCE

33. Plaintiffs incorporate the allegations above into this claim.

34. Defendant Monahan had a duty to drive reasonably under the circumstances and obey all traffic laws.

35. Defendant Monahan breached that duty when he failed to yield, or otherwise drove negligently, recklessly, and carelessly, and ran Tim and Tracy Schlesner off the interstate highway into the median.

36. Defendant Monahan's negligent, reckless, and careless driving caused Tim and Tracy to crash their motorcycle and sustain the injuries alleged above.

37. As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs have suffered general and special damages in an amount exceeding the jurisdictional requirements of this Court and to be more specifically proven at trial.

38. Because Defendant Monahan was an employee of Defendant Rocky Mountain Transport at the time of these allegations, Defendant Rocky Mountain Transport is vicariously liable for Defendant Monahan's negligence and all injuries and damages

suffered by the Plaintiffs.

## SECOND CLAIM FOR RELIEF:

## LOSS OF CONSORTIUM

39. Plaintiffs' incorporate the allegations above into this claim.

40. Due to the significance and permanence of Tim Schlesner's injuries caused by Defendant Monahan, Tracy Schlesner has suffered the loss of Tim's services, society, companionship, advice, guidance, and/or sexual relations.

41. Due to the significance and permanence of Tim Schlesner's injuries caused by Defendant Monahan, Dakota Schlesner has suffered the loss of Tim's services, society, companionship, advice, and/or guidance.

42. Because Defendant Monahan was an employee of Defendant Rocky Mountain Transport at the time of these allegations, Defendant Rocky Mountain Transport is vicariously liable for Defendant Monahan's negligence.

## THIRD CLAIM FOR RELIEF:

## NEGLIGENT HIRING, RETENTION, SUPERVISION, AND ENTRUSTMENT

43. Plaintiffs' incorporate the allegations above into this claim.

44. Defendant Rocky Mountain Transport had a duty to exercise reasonable care in its

hiring, retention, and supervision of Defendant Monahan.

45. Defendant Rocky Mountain Transport had the ability to hire, retain, supervise, and control its employee, Monahan.

46. Defendant Rocky Mountain Transport supplied a chattel to Defendant Monahan, which Defendant Monahan used – namely a commercial truck.

47. Defendant Rocky Mountain Transport knew or had reason to know, either due to Monahan's prior driving history, that Defendant Monahan would use the commercial truck in a manner involving unreasonable risk of physical harm to himself and others.

48. Notwithstanding Defendant Rocky Mountain Transport's knowledge or imputed knowledge of the dangers posed by Defendant Monahan in the use of a commercial truck, Defendant Rocky Mountain Transport hired, retained, and entrusted a commercial truck to Defendant Monahan, which resulted in injury to Plaintiffs.

49. Plaintiffs have suffered damages due to their injuries, as outlined above, and to be proven at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request this Court to grant the following:

1. Judgment against Defendants for:

    a. special damages in an amount consistent with the allegations contained herein

      and to be proven at trial;

   b. general damages in an amount consistent with the allegations contained herein and to be proven at trial; and

   c. All costs incurred herein.

2. Any other relief the Court deems appropriate.


DATED December 5, 2019.

                                    BAILEY|STOCK|HARMON|COTTAM|LOPEZ LLP

                                    Douglas W. Bailey
                                    Henry F. Bailey Jr.
                                    *Attorneys for Plaintiff*

Christopher R. Reeves-Wyoming Bar No. 7-5386
Waltz|Reeves
1660 Lincoln Street, Suite 2510
Denver, CO 80264
(303) 830-8800

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Timothy Schlesner, Tracy Schlesner, and Dakota Schlesner,<br><br>Plaintiffs,<br><br>vs.<br><br>Sean Edward Monahan and Rocky Mountain Transport, LLC<br><br>Defendants. | Civil Action No.<br><br>_____<br><br>Carbon County Civil Case No. 192-487 |

## AFFIDAVIT OF JOHN K. SASINE

STATE OF UTAH        )
                     ) SS
County of Salt Lake  )

I, **John K. Sasine**, being first duly sworn on oath, state and aver:

1. I am the Manager of Rocky Mountain Transport, LLC.

2. Rocky Mountain Transport, LLC is (a) organized in the State of Utah; (b) in good standing before the Utah Division of Corporations, and (c) domiciled in/has its principal place of business in the State of Utah.

3. Rocky Mountain Transport, LLC's members were, at all times relevant to the present dispute, and are domiciled citizens of the State of Utah.



DEFENDANTS'
EXHIBIT
B

1

4.  From the time of the alleged incident giving rise to the present dispute, on August 15, 2018, to the present, no member of Rocky Mountain Transport, LLC was domiciled in, or were citizens of, the State of Wyoming.

5.  The sole members of Rocky Mountain Transport, LLC were, at all times relevant to the present dispute, and are:

    a) Acey Family, LLC;
    b) Jongert Family, LLC; and
    c) Sasine Family, LLC.

6.  Acey Family, LLC, Jongert Family, LLC and Sasine Family, LLC are each (a) organized in the State of Utah; (b) in good standing before the Utah Division of Corporations, and (c) domiciled in/has its principal place of business in the State of Utah.

7.  Acey Family, LLC's sole member is Marvin S. Acey, who is domiciled in and a citizen of the State of Utah.

8.  Jongert Family, LLC's sole member is Charles A. Jongert, who is domiciled in and a citizen of the State of Utah.

9.  Sasine Family, LLC's sole member is John K. Sasine, who is domiciled in and a citizen of the State of Utah.

Further, this affiant sayeth not.

Executed on this ___4th___ day of February, 2020.

By: _____
John K. Sasine
Manager

Subscribed and sworn to before me this __4th__ day of February, 2020.

Witness my hand and official seal.

My commission expires: __2-11-23__

_____
Notary Public

Notary Public - State of Utah
VANESSA TATE
Comm. #704519
My Commission Expires
February 11, 2023

2

# Laramie County District Court
## Docket Sheet

| Case # | CV-192487 | Judge | Hon. Thomas TC Campbell |
|---|---|---|---|
| Case Title | Schlesner et al v. Monahan et al | Case Type | Civil - Tort - Personal Injury or Wrongful Death: Vehicular |

| Filed Date | Docket Entry Type | Description | Submitted By |
|---|---|---|---|
| 01-31-2020 | Return - Service | Declaration of Service (Served on 1/21/20 to Brian Cuthbert Accepting Agent For Sean Edward Monahan) | |
| 01-21-2020 | Return - Service | Return of Service (Served on 1/15/20 to Jeff Clark Accepting Agent For Rocky Mountain Transport, LLC) | |
| 12-19-2019 | Precipe - Precipe | Precipe For Summons (Sean E. Monahan; 1/A) | |
| 12-05-2019 | Precipe - Precipe | Precipe For Summons (Rocky Mountain Transport, LLC; 1/A) | |
| 12-05-2019 | Cover Sheet - Cover Sheet | Civil Cover Sheet | |
| 12-05-2019 | Complaint - Complaint | Complaint | |



DEFENDANTS' EXHIBIT C

# CIVIL COVER SHEET

This civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law. This form, approved by the Wyoming Supreme Court, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM)

## I. CAPTION

Timothy Schlesner, Tracy Schlesner, and Dakota Schlesner

Plaintiff Name and Current Address

v.

Sean Edward Mohahan and Rocky Mountain Transport, LLC
Defendant.

Docket # 192-487

*FILED DEC 05 2019 — DIANE SANCHEZ, CLERK OF THE DISTRICT COURT*

## II. NATURE OF SUIT (Place an "X" in One Box Only)

### GENERAL CIVIL

**CONTRACT**
- [ ] Business Organization Litigation
- [ ] Com. Const. Contract Litigation
- [ ] Contract Other (not Debt Collection)

**TORT**
- [ ] PI or WD - Environmental or Toxic Tort
- [ ] PI or WD - Fed Employer Liability Act
- [ ] PI or WD - Medical Malpractice
- [ ] PI or WD - Product Liability
- [X] PI or WD - Vehicular
- [ ] Personal Injury Unspecified
- [ ] Property Damage
- [ ] Tort Unspecified
- [ ] Wrongful Termination of Employment

**DISSOLUTION OF MARRIAGE**
- [ ] Divorce w/Minor Children
- [ ] Divorce w/o Minor Children
- [ ] Judicial Separation
- [ ] Annulment

**DOMESTIC RELATIONS**
- [ ] Custody/Parental Visitation
- [ ] Grandparental Visitation
- [ ] Paternity
- [ ] Child Support/Parental Contribution
- [ ] Child Support w/ Paternity
- [ ] UIFSA w/Paternity
- [ ] UIFSA
- [ ] Dom Register Foreign Judgment
- [ ] TPR State/DFS
- [ ] TPR Family/Private

**PROBATE**
- [ ] Ancillary Admin/Foreign Prob
- [ ] Decree of Title Distribution
- [ ] Determination of Heirship
- [ ] Letters of Administration
- [ ] Estate Unspecified
- [ ] Summary Probate
- [ ] Testate/Intestate Estate
- [ ] Will Only Filings
- [ ] Trust Matters
- [ ] Guardianship
- [ ] Conservatorship
- [ ] Guardian & Conservatorship

**ADOPTION**
- [ ] Adoption
- [ ] Confidential Intermediary

**CIRCUIT COURT**
- [ ] Small Claims
- [ ] Forcible Entry and Detainer
- [ ] Stalking Protection Order
- [ ] Family Violence Protection Order

**PROPERTY**
- [ ] Property with Mineral Rights
- [ ] Property w/o Mineral Rights

### OTHER CIVIL
- [ ] Appointment/Removal of a Fiduciary
- [ ] Arbitration Award Confirmation
- [ ] Birth Certificate Amendment/Establishment
- [ ] Debt Collection
- [ ] Declaratory Judgment
- [ ] Emancipation of Minor
- [ ] False or Frivolous Lien
- [ ] Foreign Judgment
- [ ] Foreign Protection Order/Foreign Stalking Order
- [ ] Forfeiture of Property
- [ ] Governmental Action Environmental Case
- [ ] Injunction
- [ ] Material Witness/Foreign Subpoena
- [ ] Name Change
- [ ] Involuntary Hospitalization
- [ ] Public Nuisance
- [ ] Specific Relief
- [ ] Structured Settlement Protection Act
- [ ] Successor to Civil Trust Appointment
- [ ] Transcript Judgment from Circuit Court
- [ ] Writ of Habeas Corpus
- [ ] Writ of Mandamus
- [ ] Writ of Replevin
- [ ] Unspecified

## III. RELATED CASE(S) IF ANY (see instructions)

Docket No. _____ Judge _____ Court (if different) _____
Docket No. _____ Judge _____ Court (if different) _____

## IV. $ AMOUNT IN CONTROVERSY, (estimated) (see instructions)

$ Greater than $1,000,000.00

SIGNATURE OF ATTORNEY OF RECORD OR PRO SE LITIGANT   DATE 12/5/2019